## IN RE: THE MARRIAGE OF WILSON
### Case No. 87-1109 FR-01
Nineteenth Judicial Circuit, St. Lucie County

March 15, 1988

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing on James Wilson's petition for Dissolution and Respondent, Sandra Rae Wilson's counter-petition. In his petition the Husband sought Dissolution of Marriage, enforcement of the ante-nuptial agreement, and incidental relief. Counter-petitioner, Wife, sought to set aside the ante-nuptial agreement, a special equity in nonmarital property, equitable distribution in all property acquired during the marriage, rehabilitative alimony and to accomplish equitable

distribution of property acquired during marriage, a 50% interest in stock owned by the Husband. This stock is owned by the Husband and represents his ownership interest in the Wilson Plumbing Inc.

The evidence in this case reveals that the parties were married on July 4, 1986 after cohabitating together for approximately four (4) months. The parties met as a result of the wife becoming an employee of Husband's concern. Before and during the marriage, the wife was the bookkeeper of Wilson Plumbing, Inc. and was aware of the general cash flow of the business. The Wife also was aware that the Husband owned both a residence and real property. The Wife was paid a salary before and during the marriage and is presently employed as a secretary earning slightly more than she did during the marriage.

On July 3, 1986, one day before the marriage, the parties executed an antenuptial agreement in which each waived any rights in the others property, agreed to waive alimony and support. The parties further agreed to bear their own attorney fees. The evidence did not indicate that the Husband withheld any assets from the Wife. Indeed the agreement makes full disclosure of his two assets, real property and controlling interest in Wilson Plumbing, Inc. Further, there is no evidence of fraud or over-reaching. The Wife, prior to executing the agreement, consulted on two occasions with counsel of her own choosing. The evidence further reveals that for over two months prior to execution of the agreement the parties discussed the agreement. Based on the evidence, however, it is apparent that the Husband gained almost the entire benefit from the agreement. By its terms, his real and personal property owned by the Husband are excluded from his net worth. The Wife brought no property of consequence to the marriage and therefore gained no advantage. Further, the income of the two were disparate and by the agreement the Wife remains liable for her own attorney fees. The evidence further revealed that the Husband is an experienced businessman while the Wife is of limited education and lacking in business sophistication. Based on the foregoing, the Court finds the agreement gives disproportionate benefit to the Husband.

Thus, under *DelVecchio v. DelVecchio,* 143 So.2d 17 (Fla. 1962), the burden of proof with regard to the issue of concealment of assets shifts to the Husband. It should be noted that his, *DelVecchio* presumption casts upon the Husband not merely the burden of producing evidence, but rather requires proof of the nonexistence of the presumed fact. (See, *DelVecchio,* noted *supra* at 19, *Florida Evidence, Ehrhardt,* P. 302, 1 pgs. 68-70.

Based on the evidence the Court finds that the Husband has carried

this burden. As indicated the Wife knew of the Husband's business and its cash flow. The Wife was also fully aware of the extent and character of the Husband's real property. Finally there has been no evidence presented that would remotely support a finding that the Husband has any other assets. This case is strikingly similar to *Cladis v. Cladis,* 512 SO.2d 271 (Fla. 4th DCA 1987). As Judge Walden noted, "the fact that one party to the agreement apparently made a bad bargain is not a sufficient ground by itself to vacate or modify a settlement agreement." (*Cladis* at p. 273) Rather the proper test is whether the Husband has shown (a) full, frank, disclosure or (b) general and approximate knowledge by the challenging spouse (See, *Cladis* at pgs 273-274). The Court finds on the evidence that the Husband, within the meaning of F.S. 90.302(2), has proved the nonexistence of the presumed fact of nondisclosure.

A second issue regarding this settlement has also been raised, that of the undue influence. It is, of course, black letter law that parties to an ante-nuptial agreement do not deal at arms length. Theirs is a relationship of mutual trust and confidence. In such situations a presumption of undue influence arises when it is shown that the dominant party is a grossly disproportionate beneficiary to the agreement. *Lutgert v. Lutgert,* 338 So.2d 1111 (Fla. 2d DCA 1976). Based on the totality of the evidence the Court finds that the Husband has also carried the burden of proof on that issue.

As indicated the Husband was desirous of obtaining this agreement and would not enter into the marriage without it. Unlike *Lutgert,* noted *supra,* the Wife in his case had independent counsel. Indeed, the evidence reveals that changes were made in the agreement after she consulted counsel. Further, the agreement was not sprung on the Wife at the last moment. Rather the evidence reveals that both parties fully discussed both the general terms and need for it for several months prior to the marriage. The Wife therefore had sufficient time to reflect and did in fact seek legal counsel.

Based on the foregoing, the Court finds the agreement valid and enforceable in all respects. The Court, therefore, awards the Wife a one half interest in all property acquired during the marriage. (See p. 10 ante-nuptial agreement.) The Court finds that the reasonable value of such property, based on the evidence, is $2,500.00. This will be paid by the Husband in installments of $50.00 per week or in a lump sum.

The Court further finds that the wedding rings were a completed gift to the Wife and the Court awards them to the Wife and the Husband shall hold the Wife harmless from any existing liability. The Rotweiller dog is awarded to the Husband.

110

Pursuant the agreement, each side shall bear their own attorney fees.

DONE and ORDERED in Stuart, Martin County, Florida, this 15th day of March, 1988.